UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDC, a minor,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>        Defendants. | No.  2:13-cv-1987 DAD<br><br><br>ORDER |

        This matter came before the court on December 13, 2013, for hearing of defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 21.)  The parties have previously consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 20.)  Attorney Lee Szor appeared telephonically on behalf of the plaintiff and Deputy City Attorney Furah Faruqui appeared telephonically behalf of the defendants.  Oral argument was heard and defendants' motion was taken under submission.

        For the reasons set forth below, defendants' motion to dismiss will be granted in part and denied in part.

BACKGROUND

        Plaintiff IDC, a minor proceeding by guardian ad litem and through counsel, commenced this action on July 31, 2013, by paying the required filing fee and filing a complaint in the United States District Court for the Northern District of California.  (Dkt. No. 1.)  The

1

1  complaint alleges, in relevant part, that on August 17, 2012, plaintiff saw defendants Mark
2  Thompson and Sean Kenney, officers with the Vallejo Police Department, chasing several youths
3  down Indiana Street in Vallejo, California, coming towards plaintiff. (Compl. (Dkt. No. 1) at 3.)
4  Plaintiff attempted to run to his cousin's home on 640 Indiana Street but was stopped by
5  defendants Thompson and Kenney who thereafter began beating, choking and pepper spraying
6  plaintiff before ultimately placing him under arrest. (Id.)

7  Based on these factual allegations, the complaint alleges causes of action for
8  multiple violations of 42 U.S.C. § 1983, assault and battery, false arrest and imprisonment, the
9  intentional infliction of emotional distress, the negligent infliction of emotional distress, violation
10 of California Civil Code §§ 51.7and 52.1, negligence and respondeat superior, against the City of
11 Vallejo, the Vallejo Police Department, officer Mark Thompson and officer Sean Kenney.

12 On September 13, 2013, defendants filed a motion to dismiss or in the alternative,
13 motion to transfer venue. (Dkt. No. 11.) On September 23, 2013, the action was transferred from
14 the Northern District to this district. (Dkt. No. 15.) Thereafter, counsel for both plaintiff and
15 defendants filed consents to proceed before a United States Magistrate Judge pursuant to 28
16 U.S.C. § 636(c) on September 27, 2013, (Dkt. Nos. 18 & 19) and the matter was reassigned to the
17 undersigned on October 1, 2013. (Dkt. No. 20.)

18 On October 2, 2013, defendants filed the motion to dismiss now pending before
19 the court. (Dkt. No. 21.) Plaintiff filed an opposition on October 16, 2013, (Dkt. No. 22), and
20 defendants filed their reply on December 4, 2013. (Dkt. No. 23.)

21                                    STANDARDS
22 I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

23 The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
24 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
25 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
26 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
27 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
28 relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

I.   First Cause of Action

Defendants argue that plaintiff's first cause of action alleging a violation of 42 U.S.C. § 1983 against defendants Thompson and Kenney, should be dismissed for failure to allege sufficient facts to state a claim for relief. In this regard, defendants argues that plaintiff's fist cause of action merely asserts that defendants Thompson and Kenney acted under color of

law and deprived plaintiff of several identified constitutionally protected rights without the support of any factual allegations. (MTD (Dkt. No. 21) at 9[1].)

The complaint's first cause of action, however, explicitly "re-alleges and incorporates by reference" the complaints factual allegations, (Compl. (Dkt. No. 1) at 4), including that on August 17, 2012, defendants Thompson and Kenney beat, choked, pepper sprayed and arrested plaintiff presumably without justification. (Id. at 3.) Based on these factual allegations, the court finds that the complaint's first cause of action alleges sufficient facts to state a claim to relief that is plausible on its face.

Accordingly, defendant's motion to dismiss the complaint's first cause of action is denied.

II.     Second Cause of Action

Defendants argue that the complaint's second cause of action, a claim brought pursuant to Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978), against the City of Vallejo and the Vallejo Police Department, must be dismissed for failure to allege sufficient facts in support thereof. (MTD (Dkt. No. 21) at 5.)

Pursuant to the decision in Monell a municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694. Therefore, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

/////

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

Here, the court agrees that the second cause of action of plaintiff's complaint fails to allege facts in support of any of these grounds for municipal liability. Accordingly, defendant's motion to dismiss the complaint's second cause of action is granted.

The court notes, however, that in his opposition to the pending motion, plaintiff argues that his state court criminal case was dismissed after plaintiff's criminal attorney "filed a Pitchess motion."[2] (Pl.'s Opp.'n (Dkt. No. 22) at 9.) "A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." Hunter v. County of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011). See also Howard v. City of Vallejo, No. CIV. S-13-1439 LKK/KJN, 2013 WL 6070494, at *4 (E.D. Cal. Nov. 13, 2013) (finding allegations that city failed to discipline officers for prior misconduct was "sufficient to give the City fair notice of plaintiff's claim that the City has a policy of deliberate indifference to a pattern and practice of excessive use of force and other violations of the constitutional rights of citizens by City police officers, particularly minority citizens, that is manifested in its failure to discipline or retrain officers involved in such incidents.") Accordingly, plaintiff will be granted leave to amend with respect to this cause of action.

III.    Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Causes of Action[3]

Defendants argue that the complaint's fourth, fifth, sixth, seventh, tenth and eleventh causes of action must be dismissed for plaintiff's failure to include these causes of action in his California Government Tort Claim as required by California Government Code §§ 910 and

/////

/////

---

[2] In criminal actions brought in California courts a defendant may file a Pitchess motion to discover information contained in a peace officer's personnel file. See Vesco v. Superior Court, 221 Cal.App.4th 275, 279 (2013); Pitchess v. Superior Court, 11 Cal.3d 531 (Cal. 1974).

[3] Defendants' motion does not challenge the sufficiency of the complaint with respect to plaintiff's third or eighth causes of action. Moreover, plaintiff's complaint does not list a ninth cause of action but rather inadvertently skips from the eighth cause of action to the tenth cause of action.

1  945.4.[4]  (MTD (Dkt. No. 21) at 14.)  In this regard, defendants argue that plaintiff's Government

2  Tort Claim form described only his excessive force claim, while these challenged six causes of

3  action of his complaint concern "additional claims" of false arrest, the intentional and negligent

4  infliction of emotional distress, violation of California Civil Code § 51.7[5], negligence and

5  respondeat superior liability.  (MTD (Dkt. No. 21) at 15-16.)

6         In support of their argument defendants rely on the decision in Turner v. State of

7  California, 232 Cal.App.3d 883 (1991), in which the court held that a submitted tort claim form

8  alleging failure to warn of anticipated gang-related violence and reckless conduct of a security

9  officer did not satisfy §945.4 as to plaintiff's additional allegations of inadequate lighting as a

10  basis for claims of dangerous condition of the property and negligence.  (Id. at 888-889.)

11         However, it is clear that under California law "[a] submitted 'claim need not

12  contain the detail and specificity required of a pleading, but need only fairly describe what the

13  entity is alleged to have done.'"  General Sec. Services Corp. v. County of Fresno, 815 F.Supp.2d

14  1123, 1133 (E.D. Cal. 2011) (quoting Stockett v. Association of Cal. Water Agencies Joint

15  Powers Ins. Auth., 34 Cal.4th 441, 446 (2004)).  Therefore,

> [a] complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts.  Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim have courts generally found the complaint barred.  Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint.

Stockett, 34 Cal.4th at 447 (quotations and citations omitted).

---

[4] California Government Code § 910 spells out precisely what information must be contained in a Government Tort Claim form, while § 945.4 provides that any cause of action for which a claim was not submitted pursuant to § 910 shall not be allowed.

[5] California Civil Code § 51.7 provides that a person has a right to be free from violence or intimidation.

6

Here, plaintiff's Government Tort Claim form alleged that the "Vallejo Police Department used excessive force" against plaintiff on August 17, 2012 at 640 Indiana Street, that plaintiff was "choked, tased and exposed to chemicals" and that plaintiff was "having on going" problems. (Dkt. No. 11-1 at 1.)

These factual allegations found in plaintiff's claim form are identical to those found in his complaint. Moreover, the complaint's claims for false arrest, the intentional and negligent infliction of emotional distress, violation of California Civil § 51.7, negligence and respondeat superior, do not represent a complete shift in allegations or an effort to premise civil liability on acts or omissions committed at different times or by different persons, but instead are merely different theories of liability predicated on the same fundamental actions or failures to act alleged against the defendants in the Government Tort Claim form submitted by plaintiff. See White v. Superior Court, 225 Cal.App.3d 1505, 1511 (1990) ("Both plaintiff's complaint and her claim were predicated on the same fundamental facts – Officer Sanford's alleged mistreatment of plaintiff. The causes of action for negligent hiring, training, and retention and for failure to train, supervise, and discipline merely sought to show direct responsibility of San Francisco for Officer Sanford's conduct. Plaintiff did not shift the fundamental facts about her injury."); see also Sanders v. City of Fresno, No. Civ. F-05-0469 AWI SMS, 2005 WL 2435893, at *5 (E.D. Cal. Sept. 30, 2005) ("not every fact needs to be provided to a public entity, rather there needs to be sufficient information to allow the entity to investigate; as long as the same fundamental or foundational facts that form the basis of the complaint are fairly reflected in the claim, then the notice will be sufficient"); Dixon v. City of Livermore, 127 Cal.App.4th 32, 42 (2005) ("additional theories were based on the same factual foundation as those in the claim, and the claim provided sufficient information to allow the public agency to conduct an investigation into the merits of the claim").

Accordingly, defendants' motion to dismiss the complaint's fourth, fifth, sixth, seventh, tenth and eleventh causes of action is denied.

/////

/////

IV. <u>Punitive Damages</u>

Finally, defendants argue that plaintiff's claim for punitive damages against the City of Vallejo are improper and must be dismissed. At the hearing on December 13, 2013, plaintiff's counsel conceded this point. Accordingly, defendants' motion to dismiss the complaint's claim for punitive damages against the City of Vallejo is granted.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Octobe2 2, 2013 motion to dismiss (Dkt. No. 21) is granted in part and denied in part;

2. The complaint's second cause of action and claim for punitive damages against the City of Vallejo are dismissed;

3. Plaintiff is granted twenty-eight days from the date of this order to file an amended complaint[6]; and

4. If any defendant named in the original complaint is named as a defendant in the amended complaint filed by plaintiff, that defendant shall respond to the pleading within thirty days after it is filed and served.

Dated: December 17, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\idc1987.mtd.ord.docx

---

[6] If plaintiff fails to file a timely amended complaint, plaintiff will proceed on the original complaint as modified by this order.