1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IDC, a minor,                              No.  2:13-cv-1987 DAD

12                  Plaintiff,

13        v.                                     ORDER

14   CITY OF VALLEJO, et al.,

15                  Defendants.

16

17        This matter came before the court on March 28, 2014, for hearing of defendants' motion

18   to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 31.)  The parties have

19   previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §

20   636(c).  (Dkt. No. 20.)  Attorney Charles Kelly appeared telephonically on behalf of the plaintiff

21   and Deputy City Attorney Furah Faruqui appeared telephonically behalf of the defendants.  Oral

22   argument was heard and defendants' motion was taken under submission.

23        For the reasons set forth below, defendants' motion to dismiss will be granted in part and

24   denied in part.

25                                    BACKGROUND

26        Plaintiff IDC, a minor proceeding by guardian ad litem and through counsel, commenced

27   this action on July 31, 2013, by paying the required filing fee and filing a complaint in the United

28   States District Court for the Northern District of California.  (Dkt. No. 1.)  On September 13,

                                            1

1   2013, defendants filed a motion to dismiss or in the alternative, motion to transfer venue.  (Dkt.

2   No. 11.)  On September 23, 2013, the action was transferred from the Northern District to this

3   district.  (Dkt. No. 15.)  On September 27, 2013, both plaintiff and defendants filed consents to

4   Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c), (Dkt. Nos. 18 &

5   19), and the matter was reassigned to the undersigned on October 1, 2013.  (Dkt. No. 20.)

6       On December 18, 2013, the court granted in part and denied in part defendants' motion to

7   dismiss and granted plaintiff leave to file an amend complaint.  (Dkt. No. 25.)  On January 14,

8   2014, plaintiff filed an amended complaint.  (Dkt. No. 26.)  Therein, in relevant part, plaintiff

9   alleges as follows.  On August 17, 2012, plaintiff spent the day working with his father.  At

10  approximately 8:00 p.m., however, plaintiff was standing on Indiana Street in Vallejo, California

11  and talking to a friend when he saw defendants Mark Thompson and Sean Kenney, officers with

12  the Vallejo Police Department, chasing several youths in plaintiff's direction.  Plaintiff ran

13  towards his cousin's home on 640 Indiana Street where he was stopped on the porch by defendant

14  officers Thompson and Kenney who thereafter began beating, choking and pepper spraying

15  plaintiff before ultimately placing him under arrest.  The Solano County District Attorney brought

16  criminal charges against plaintiff as a result of the incident, including trespassing and resisting

17  arrest.  However, all of the criminal charges brought against plaintiff were dismissed after

18  plaintiff sought discovery of the personnel files of defendants Kenney and Thompson.

19      Based on these factual allegations, the amended complaint alleges causes of action for

20  multiple violations of 42 U.S.C. § 1983, assault and battery, false arrest and imprisonment, the

21  intentional infliction of emotional distress, the negligent infliction of emotional distress, violation

22  of California Civil Code §§ 51.7 and 52.1, negligence and respondeat superior, against the City

23  of Vallejo, the Vallejo Police Department, officer Mark Thompson and officer Sean Kenney.

24      On February 7, 2014, defendants filed the motion to dismiss the amended complaint now

25  pending before the court.  (Dkt. No. 27.)  Defendants' motion seeks dismissal of plaintiff's causes

26  of action brought pursuant to 42 U.S.C. § 1983 as well as his claim for punitive damages against

27  the City of Vallejo.  Plaintiff filed an opposition on March 14, 2014, (Dkt. No. 29), and

28  defendants filed their reply on March 21, 2014.  (Dkt. No. 30.)

1    STANDARDS

2    I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

3           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

4    sufficiency of the complaint.  <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir.

5    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

6    sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901

7    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

8    relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A

9    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

10   the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v.

11   Iqbal</u>, 556 U.S. 662, 678 (2009).

12          In determining whether a complaint states a claim on which relief may be granted, the

13   court accepts as true the allegations in the complaint and construes the allegations in the light

14   most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v.

15   United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not assume the truth

16   of legal conclusions cast in the form of factual allegations.  <u>United States ex rel. Chunie v.

17   Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed

18   factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

19   accusation."  <u>Iqbal</u>, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and

20   conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S.

21   at 555.  <u>See also</u> <u>Iqbal</u>, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,

22   supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to

23   assume that the plaintiff "can prove facts which it has not alleged or that the defendants have

24   violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Cal.,

25   Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

26          In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

27   to consider material which is properly submitted as part of the complaint, documents that are not

28   physically attached to the complaint if their authenticity is not contested and the plaintiff's

1   complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

2   250 F.3d 668, 688-89 (9th Cir. 2001).

3                                        ANALYSIS

4   I.      First Cause of Action

5          Defendants argue that the amended complaint's first cause of action, alleging multiple

6   violations of 42 U.S.C. § 1983 against defendants Thompson and Kenney, should be dismissed

7   because it is "completely devoid of *any factual* content."  (MTD (Dkt. No. 27) at 6[1]) (emphasis in

8   original).  Defendants argue that plaintiff's fist cause of action consists of "conclusionary and

9   naked assertions" and "possible causes of action as if it were an outline of stream of

10  consciousness and not a Complaint."  (Id.)

11         Although plaintiff's amended complaint is far from an exemplar of drafting, it cannot be

12  said that it is devoid of any factual content.  In this regard, the amended complaint explicitly sets

13  forth a section detailing plaintiff's factual allegations, which have been recounted above by the

14  court.  (Am. Compl. (Dkt. No. 26) at 3-4.)  Plaintiff's first cause of action explicitly "re-alleges

15  and incorporates by reference" those factual allegations.  (Id. at 4.)  However, in the amended

16  complaint's first cause of action then proceeds to list five specific alleged violations of plaintiff's

17  constitutional rights.  The amended complaint's first cause of action alleges that defendants

18  Thompson and Kenney violated plaintiff's right to be free from unreasonable searches and

19  seizures.  The Fourth Amendment, which applies to the states through the Fourteenth

20  Amendment, protects against unreasonable searches and seizures by law enforcement officers.

21  Mapp v. Ohio, 367 U.S. 643, 655 (1961).  The Fourth Amendment requires law enforcement

22  officers to have at least a reasonable suspicion of criminal activity before making a brief

23  investigatory stop ("Terry stop").  See Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v.

24  Johnson, 581 F.3d 994, 999 (9th Cir. 2009) ("Police may detain or seize an individual for brief,

25  investigatory purposes, provided the officers making the stop have reasonable suspicion that

26  criminal activity may be afoot.") (citation and internal quotation marks omitted).

27

28  [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1    Accepting as true the factual allegations found in the amended complaint and construing

2    them in the light most favorable to the plaintiff, the court finds that those factual allegations state

3    a cognizable claim for unreasonable search and seizure.  Accordingly, defendants' motion to

4    dismiss is denied as to the amended complaint's claim for unreasonable search and seizure.

5    The amended complaint's first cause of action also alleges that defendants Thompson and

6    Kenney violated plaintiff's right to due process and subjected plaintiff to the excessive use of

7    force.  A claim that a law enforcement officer used excessive force during the course of an arrest

8    is analyzed under the Fourth Amendment and an objective reasonableness standard.  See Graham

9    v. Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must

10   be balanced against the need for that force: it is the need for force which is at the heart of the

11   Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting

12   Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  Force is

13   excessive when it is greater than is reasonable under the circumstances."  Santos v. Gates, 287

14   F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

15   Claims alleging excessive force in making an arrest are analyzed under the Fourth

16   Amendment's "objective reasonableness" standard rather than under a substantive due process

17   standard.  Price v. Sery, 513 F.3d 962, 967 (9th Cir. 2008). "Because the Fourth Amendment

18   provides an explicit textual source of constitutional protection against this sort of physically

19   intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive

20   due process,' must be the guide for analyzing these claims."  Graham, 490 U.S. at 394.  See also

21   Albright v. Oliver, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial

22   deprivations of liberty and drafted the Fourth Amendment to address it."); County of Sacramento

23   v. Lewis, 523 U.S. 833, 843 (1998) ("Substantive due process analysis is therefore inappropriate .

24   . . if [plaintiffs'] claim is covered by the Fourth Amendment."); Graham, 490 U.S. at 395 ("all

25   claims that law enforcement officers have used excessive force–deadly or not–in the course of an

26   arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth

27   Amendment and its 'reasonableness' standard").

28   /////

1    Here, the facts alleged in the amended complaint are sufficient to state a cognizable claim

2    for the excessive use force.  Accordingly, defendants' motion to dismiss is denied as to the

3    amended complaint's claim for excessive force and granted as to the amended complaint's due

4    process claim.

5    Additionally, the amended complaint's first cause of action alleges that defendants

6    Thompson and Kenney violated plaintiff's right to equal protection.  The "Equal Protection

7    Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its

8    jurisdiction the equal protection of the laws,' which is essentially a direction that all persons

9    similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, Inc., 473

10   U.S. 432, 439 (1985); Shaw v. Reno, 509 U.S. 630 (1993). When an equal protection violation is

11   alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory

12   manner and that the discrimination was intentional."  F.D.I.C. v. Henderson, 940 F.2d 465, 471

13   (9th Cir. 1991) (citations omitted); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th

14   Cir. 2000).  "'Discriminatory purpose' . . . implies more than intent as volition or intent as

15   awareness of consequences . . . . It implies that the decision maker . . . selected or reaffirmed a

16   particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects

17   upon an identifiable group."  Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279

18   (1979).

19   Here, the allegations found in the amended complaint fail to allege that any defendant

20   acted in a discriminatory manner.  Indeed, the allegations of the amended complaint fail to even

21   implicate the specter of discrimination.  Accordingly, defendants' motion to dismiss is granted as

22   to the amended complaint's equal protection claim.[2]

23   Finally, the amended complaint's first cause of action alleges that defendants Thompson

24   and Kenney violated plaintiff's "right to be free from interference within the zone of privacy."

25   (Am. Compl. (Dkt. No. 26) at 4.)  "While the Supreme Court has expressed uncertainty regarding

26   the precise bounds of the constitutional 'zone of privacy,' its existence is firmly established."  In

27

28

[2]  It would seem that if such factual allegations could be made in good faith, they would have already been alleged by plaintiff.  If this is not the case, plaintiff may attempt to state this claim in his second amended complaint but should do so only if there are additional factual allegations to support it.

6

re Crawford, 194 F.3d 954, 958 (9th Cir. 1999).  There are at least two distinct kinds of privacy

interests protected by the United States Constitution: the individual interest in avoiding disclosure

of personal matters, and the interest in independence in making certain kinds of important

decisions.  Id.  Here, the amended complaint fails to address how any defendant allegedly

violated plaintiff's right to privacy.[3]  Accordingly, defendants' motion to dismiss is granted as to

the amended complaint's claim for interference within the zone of privacy.

II.       Second Cause of Action

        Defendants argue that the amended complaint's second cause of action, a claim brought

pursuant to Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978), against the

City of Vallejo and the Vallejo Police Department, must be dismissed because it "is unsupported

by any facts."  (MTD (Dkt. No. 27) at 6.)

        Pursuant to the decision in Monell a municipality may be liable under § 1983 where the

municipality itself causes the constitutional violation through a "policy or custom, whether made

by its lawmakers or those whose edicts or acts may fairly be said to represent official policy."

Monell, 436 U.S. at 694.  Therefore, municipal liability in a § 1983 case may be premised upon:

(1) an official policy; (2) a "longstanding practice or custom which constitutes the standard

operating procedure of the local government entity;" (3) the act of an "official whose acts fairly

represent official policy such that the challenged action constituted official policy;" or (4) where

"an official with final policy-making authority delegated that authority to, or ratified the decision

of, a subordinate."  Price, 513 F.3d at 966.

        "A custom or practice can be inferred from widespread practices or evidence of repeated

constitutional violations for which the errant municipal officers were not discharged or

reprimanded."  Hunter v. County of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011).  See also

---

[3]  It appears from the allegations of the amended complaint that plaintiff may be attempting to claim that defendants interfered with his zone of privacy through his excessive use of force. Such an argument would be subsumed within plaintiff's excessive force claim.  See Graham, 490 U.S. at 395 ("all claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); Ortega v. Rodenspiel, No. 10-CV-3239-YGR, 2012 WL 4761898, at *9 (N.D. Cal. Oct. 4, 2012) (claim for interference with one's zone of privacy based on excessive force are judged under the Fourth Amendment reasonableness standard).

1   Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005); Gillette v. Delmore, 979 F.2d

2   1342, 1349 (9th Cir. 1992) ("A section 1983 plaintiff may attempt to prove the existence of a

3   custom or informal policy with evidence of repeated constitutional violations for which the errant

4   municipal officials were not discharged or reprimanded."); McRorie v. Shimoda, 795 F.2d 780,

5   784 (9th Cir. 1986) ("Policy or custom may be inferred if, after the shakedown, the prison

6   officials took no steps to reprimand or discharge the guards, or if they otherwise failed to admit

7   the guards' conduct was in error.").

8       "To survive a motion to dismiss, 'a bare allegation that government officials' conduct

9   conformed to some unidentified government policy or custom' is insufficient; instead, plaintiffs'

10  complaint must include 'factual allegations that . . . plausibly suggest an entitlement to relief,

11  such that it is not unfair to require the opposing party to be subjected to the expense of discovery

12  and continued litigation.'"[4]  Shelley v. County of San Joaquin, 954 F. Supp.2d 999, 1009 (E.D.

13  Cal. 2013) (quoting AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)).

14      Here, the amended complaint alleges that following plaintiff's arrest, the criminal charges

15  brought against him were "summarily dropped" after his criminal defense attorney "filed a

16  Pitchess motion"[5] seeking to discover prior incidents involving the excessive use of force by

17  _____

18  [4]  At the March 28, 2014 hearing, counsel for the defendants seemingly argued that Monell claims
    are subject to a heightened pleading standard.  While it may be said that the "juxtaposition" of

19  certain recent cases applying the Rule 8(a) standards to Monell claims maybe "perplexing," Starr
    v. Baca, 652 F.3d 1202, 1215 (9th Cir. 2011), a Monell claim need only comply with the pleading

20  principals set forth above.  See AE ex rel. Hernandez, 666 F.3d at 637; see also Leatherman v.
    Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993) (Monell

21  claims are not subject to heightened pleading standard); Brown v. Contra Costa County, No. C
    12-1923 PJH, 2013 WL 5422947, at *8 (N.D Cal. Sept. 7, 2013) (although the pleading standard

22  for Monell claims "has been thrown into question, and, in the Ninth Circuit at least, has been
    modified" Leatherman has not been explicitly overruled); Mateos-Sandoval v. County of

23  Sonoma, 942 F.Supp.2d 890, 899 (N.D. Cal. 2013) ("longstanding rule in the Ninth Circuit . . .
    that a claim of municipal liability under section 1983 is sufficient to withstand a motion to

24  dismiss even if the claim is based on nothing more than a bare allegation  . . . . has not been
    overruled, but the Ninth Circuit has recognized that, under the Supreme Court's recent pleading

25  jurisprudence, it is no longer clear that, without more, an allegation that an officer's conduct
    conformed to official policy, custom, or practice continues to be sufficient to state a claim under

26  Monell").

27  [5]  In criminal actions brought in California courts a defendant may file a Pitchess motion to
    discover information contained in a peace officer's personnel file.  See Vesco v. Superior Court,

28  221 Cal.App.4th 275, 279 (2013); Pitchess v. Superior Court, 11 Cal.3d 531 (1974).

8

1   defendants Kenney and Thompson.[6]  (Am. Compl. (Dkt. No. 26) at 5.)   Moreover, plaintiff

2   alleges that he "is informed and believes based on the foregoing" that defendants Kenney and

3   Thompson, "engaged in repeated acts of excessive force, misconduct, and civil rights violations"

4   prior to the incident at issue here.  (Id.)  Finally, plaintiff has alleged that despite having

5   knowledge of the repeated use of excessive force by Kenney and Thompson, the City of Vallejo

6   and the Vallejo Police Department allegedly failed to take measures to prevent their repeated

7   misconduct.  (Id. at 5-6.)

8           Applying the standards applicable to a motion to dismiss, the court finds that the

9   allegations found in the amended complaint state a cognizable Monell claim.  See Howard v. City

10   of Vallejo, No. CIV. S-13-1439 LKK/KJN, 2013 WL 6070494, at *4 (E.D. Cal. Nov. 13, 2013)

11   (finding allegations that city failed to discipline officers for prior misconduct was "sufficient to

12   give the City fair notice of plaintiff's claim that the City has a policy of deliberate indifference to

13   a pattern and practice of excessive use of force and other violations of the constitutional rights of

14   citizens by City police officers, particularly minority citizens, that is manifested in its failure to

15   discipline or retrain officers involved in such incidents"); Bass v. City of Fremont, No. C12-4943

16   TEH, 2013 WL 891090, at *4 (N.D. Cal. Mar. 8, 2013) (allegations of officers "engaged in a

17   pattern and practice of using unnecessary and excessive force and falsely reporting crimes, and

18   that the municipal entities demonstrated deliberate indifference to this pattern and practice of

19   constitutional violations" found to be "plausible and ... sufficient to give the municipal entities

20   notice of the specific policies, customs, and practices that are alleged to have caused the

21   deprivation of Bass's rights"); Wise v. Nordell, No. 12-CV-1209 IEG (BGS), 2012 WL 3959263,

22   at *9 (S.D. Cal. Sept. 10, 2012) ("Plaintiffs allege that Nordell acted contrary to county policy

23   and violated their constitutional rights, that he has acted in this manner for years, and that the

24   County has condoned his conduct.  Taking these allegations as true, Plaintiffs have sufficiently

25   alleged a claim for municipal liability under Monell."); East v. City of Richmond, No. C 10-2392

26   SBA, 2010 WL 4580112, at *4 (N.D. Cal. Nov. 3, 2010) ("However, Plaintiff's claim is not

27

28   ---
   [6] Defendants' motion, supported by evidence, asserts that defendant Thompson was not the
   subject of plaintiff's Pitchess motion.  However, it also appears from defendants' argument, and
   evidence, that defendant Kenney was the subject of plaintiff's Pitchess motion.

1  predicated solely on Chief Magnus' failure to act in this particular instance.  Rather, the FAC

2  alleges that Chief Magnus knew of other, repeated acts of misconduct by Officers Hauschild and

3  Souza, but, yet, failed to take any corrective action against these officers.  Such allegations are

4  sufficient to state a plausible claim for liability under <u>Monell</u>.").

5          Accordingly, defendants' motion to dismiss is denied as to the amended complaint's

6  <u>Monell</u> claim.

7  III.    <u>Punitive Damages</u>

8          Finally, defendants argue that the amended complaint's claim for punitive damages

9  against the City of Vallejo is improper and must be dismissed.  Plaintiff's counsel acknowledged

10  in his opposition that the Court previously dismissed this claim, asserted that its inclusion in the

11  amended complaint was an error and stated at the March 28, 2014 hearing that plaintiff had no

12  objection to the dismissal of this claim.  Accordingly, defendants' motion to dismiss the amended

13  complaint's claim for punitive damages against the City of Vallejo is granted.

14                                  <u>CONCLUSION</u>

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  Defendants' February 27, 2014 motion to dismiss (Dkt. No. 27) is granted in

17  part and denied in part as explained above.

18          2.  Plaintiff is granted twenty-one days from the date of this order to file a second

19  amended complaint.

20          3.  If any defendant named in the amended complaint is named as a defendant in a

21  second amended complaint filed by plaintiff, that defendant shall respond to the pleading within

22  twenty-eight days after it is filed and served.

23          4.  If plaintiff does not file a second amended complaint within the twenty-one day

24  period this action shall proceed on those claims found in the amended complaint that have not

25  been dismissed and defendants shall file an answer within fourteen days thereafter.

26  Dated:  June 5, 2014

27

28  DAD:6
    Ddad1\orders.consent\idc1987.mtd2.ord.docx

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE